## FARRELL v. TRUETT, ABERNATHY & WOLFORD.
### No. 2832.

Court of Civil Appeals of Texas. El Paso. May 4, 1933.

Rehearing Denied June 1, 1933.

Wm. M. Cramer, of Dallas, for appellant.

Truett, Abernathy & Wolford, of McKinney, in pro. per.

HIGGINS, Justice.

Appellees, the individual members of the law firm of Truett, Abernathy & Wolford, brought this suit against Farrell to recover the sum of $500 alleged to be due for legal services rendered upon an express contract of employment. Citation issued, returnable April 4, 1932, and was served March 31st. On April 12th defendant's attorney wrote plaintiffs inquiring when the next term of the court would convene. April 13th plaintiffs replied, advising the next term would convene the first Monday in June, the 6th day of the month. June 8th, no answer having been filed, the case was tried before the court and evidence heard in support of the cause of action alleged, and judgment was rendered as prayed. On July 1, 1932, defendant's attorney wrote plaintiffs inquiring when the case was set for trial. The next day plaintiffs replied notifying the attorney judgment had been rendered on June 8th, execution issued and placed in the hands of the sheriff.

On July 6th defendant filed motion to set aside the judgment, setting up that he had not been served with citation. On July 30th, the last day of the term, defendant filed an amended motion. In this motion no reference was made to want of service of citation. In the amended motion it was alleged that on or about April 18th defendant's attorney mailed to the clerk an answer in the cause, but that the clerk's records did not show a receipt nor filing of the answer; that he was willing to try the case at the June term or August term or any other time the court might set; that he had a good defense, and, if the judgment was set aside and testimony presented to a jury, a different result would be reached.

The motion to set aside the judgment was overruled, and the defendant appeals.

Upon the hearing of the motion for a new trial, defendant's attorney testified the citation came into his hands on or about March 31, 1932, together with a copy of the plaintiff's petition; that on Sunday, April 17th, he prepared an answer in the case and inclosed the same with a letter to the county clerk at McKinney, Tex.; that he laid the letter on the desk of the young lady who takes care of the stamping and mailing of letters out of his office, and he assumed that on the following morning she stamped the same and mailed it; that the name and address of his firm were on the envelope; that he never got any letter from the clerk acknowledging receipt of the answer.

Upon the hearing of the motion, evidence

was also heard upon the merits of the cause of action alleged and the defendants' defense.

■■ Upon the facts reflected by this record, as stated above, it rested within the sound discretion of the trial court whether the judgment would be set aside. Unless this discretion has been abused, this court would not be warranted in disturbing the action of the trial court in overruling the motion. Homuth v. Williams (Tex. Civ. App.) 42 S.W.(2d) 1048; Watts v. Bruce, 31 Tex. Civ. App. 347, 72 S. W. 258; Belknap v. Groover (Tex. Civ. App.) 56 S. W. 249.

■ We are clearly of the opinion that no abuse of such discretion is here shown. In the first place, it was the duty of the defendant to promptly invoke the action of the trial court upon his motion, so that, if it were sustained, the case could be tried at the June term.

■ The original motion was filed on July 6th, and was based upon a ground that was untenable. Appellant delayed the filing of the amended motion until July 30th, the last day of that term. If the motion had been granted, the case would have been carried over to the next term. No reason is apparent why the grounds set up in the amended motion were not promptly called to the attention of the trial court and action thereon invoked. For this reason, the action of the court upon the motion must be sustained.

Furthermore, an examination of the evidence relating to the merits discloses grave doubt as to a meritorious defense. The great weight of the evidence is in support of the justice of the judgment rendered, and it is extremely doubtful if the result would be different if the case were retried. For these two reasons, the judgment should be affirmed, and it is so ordered.