**DORSEY et al. v. CUTBIRTH et al.**

No. 11599.

Court of Civil Appeals of Texas. Galveston.

Feb. 24, 1944.

Rehearing Denied March 16, 1944.

Bernard A. Golding, of Houston, for appellants.

Idell J. Lacas, of Houston (Stewart, Burgess & Morris, of Houston, of counsel), for appellees.

CODY, Justice.

This is a direct proceeding in the nature of a bill of review brought by appellants against appellees to set aside a default

judgment, after the term at which it had been taken had ended.

As cause for setting aside such default judgment, appellants first alleged that they had a meritorious defense to the suit in which the default judgment was taken. Then, by way of excuse for their failure to answer in the cause wherein such judgment had been taken and present said defense, appellants allege: That after citation had been served upon them it was duly referred to their agent and employee whose business it was to bring the suit to their lawyer's attention and cause same to be defended. That their lawyer was out of town at the time, and that in some way the citation became filed away in the wrong file, and that the pressure of business was so great, and the help situation due to war conditions such, that the matter of the law suit slipped the mind of the aforesaid agent or employee of appellants until after appellants received a letter notifying them that execution would be issued upon aforesaid judgment if it was not promptly paid off. Appellants alleged further in effect that their failure to answer and present their defense was not intentional, but accidental; and was not the result of inexcusable negligence.

Upon trial of the proceeding before a jury, after appellants concluded their evidence, appellees moved for an instructed verdict, in response to which the court withdrew the case from the jury and rendered judgment for appellees by refusing the bill of review.

In the ordinary case, where the motion to set aside a default judgment is presented at the term at which it was taken, the trial court has the discretion, subject to principles of equity, to set aside said judgment during the term of court at which it was taken. And the Supreme Court has recently laid down the rule to guide the exercise of such discretion, in the case of Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126.

But, after the term at which a judgment has been taken has passed, and the judgment has become final, the terms on which a judgment will be set aside are not so easy as in the situation just mentioned. The reason for such harder terms being: "The judgment then becomes a vested right which can only be divested by a direct proceeding filed for that purpose, and, when such proceeding is resorted to, the person presenting the bill must bring himself * * * within the rules of law providing for relief in such cases." Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962, at page 966. In the same case, upon an earlier page (vid. Id., at page 963) of the opinion, the requirements as to pleading and proof are thus laid down: "Where the action is to set aside a judgment rendered at a term of court which has expired when the bill is filed, it is necessary that the petition or bill plead facts sufficient to establish two things: (a) That the petitioner had a good defense to the action in the first instance; and (b) that he was prevented from making such defense by fraud, accident, or the wrongful act of the opposing party, unmixed with any fault or negligence of his own. The facts adduced on the trial of the bill must be sufficient in law to substantiate the allegations thereof."

We do not pass upon whether appellants pled and proved they had a good defense to the action in the first instance. To do so would require a very considerable investigation of law. Whereas it is patent that they did not plead that they were prevented from making their defense by fraud, accident or the wrongful act of the opposing party, unmixed with any fault or negligence of their own. And what they did not plead, they did not prove. The court properly decided without the aid of a jury that appellants had failed as a matter of law to make out a case for relief by way of bill of review.

We have concluded, however, that we have no jurisdiction except to dismiss this appeal, because it appears from the face of the record that appellants failed to perfect their appeal by filing their appeal bond within the 30 days, required by Rule 356, Rules of Civil Procedure, from the rendition of judgment.

In this connection we desire to state that the district court is a court of record, and speaks only by record. It must be made to appear on appeal by record when judgment was rendered, if such fact is material to the determination of whether appellate jurisdiction has attached. Affidavits of counsel or even notations made upon the trial judge's docket are not a part of the judgment roll in a case. However, it is not too late to correct, in the trial court by an order nunc pro tunc, the records of such court merely because jurisdiction over the subject matter of such court

has been lost. Each court is the custodian of its own records, and the guardian of the verity thereof. In brief, if a party to an appeal conceives that the judgment of the trial court does not speak the truth either because of an erroneous positive statement, or because of the omission of such fact that it should contain, he should have the judgment made "to speak the truth" in the trial court. And then have the judgment, as corrected there, certified to the appellate court. See Hickey v. Behrens, 75 Tex. 488, 495, 12 S. W. 679; 25 Tex.Jur. 528, 530.

This appeal is dismissed for want of jurisdiction. In practical effect upon the rights of the parties, needless to state, the result of this order of dismissal is the same as an affirmance of the trial court's judgment, for it leaves such judgment undisturbed.

Dismissed for want of jurisdiction.

### On Motion for Rehearing.

The concluding sentence of the judgment in this case is: "Entered this the 4th day of June, A.D.1943". Immediately thereunder appears the signature of the Judge.

██ Rule 356, Rules of Civil Procedure, requires that the appeal bond must be filed thirty days after the *date* of the judgment. (Emphasis ours.) It is now the settled construction of the rule, that the bond must be filed thirty days after the judgment is pronounced or rendered by the judge, and not from the date that the judgment was entered by the clerk. The word "entered" as applied to judgments, ordinarily has the technical signification of the action of the clerk of recording the judgment upon the minutes of the court. But the quoted sentence above has undoubtedly been recorded by the clerk as an integral part of the judgment. And we have concluded that we were in error in construing the word "entered" in its technical sense, as indicating an exercise of the clerk's function in connection with the judgment. Upon the face of the judgment it appears to be as much a part of the pronouncement of the court as any other part of the judgment. It is now important that the *date* of the judgment be authoritatively determined by the court when the judgment is rendered. In using the word "entered" in *dating* the judgment, the court was indicating thereby an exercise of his judicial function thereon. It was no part of his function to "enter" the judgment in the minutes. And in using the word "entered" the court established the "date" of its rendition upon the face of the judgment as unmistakeably as though he had used the word "rendered".

The motion for rehearing is granted, the judgment of dismissal of the appeal is set aside, and the judgment of the trial court is affirmed.