## SOUTHWESTERN SPECIALTY CO., Inc., v. BROWN et al.

### No. 11519.

Court of Civil Appeals of Texas. San Antonio.

June 13, 1945.

Rehearing Denied July 18, 1945.

H. Maxwell Parker and Brewer, Matthews, Nowlin & Macfarlane, all of San Antonio, for appellant.

Charles J. Lieck, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by James G. Brown, individually and as next friend of James G. Brown, Jr., a minor, against Southwestern Specialty Company, Inc., seeking to recover damages alleged to have been sustained when a truck owned and operated by the defendant struck said minor.

Citation was served upon defendant November 10, 1944, and answer should have been filed on December 1, 1944. No answer was filed and on the 22d day of December, 1944, a judgment by default was rendered in plaintiffs' favor for the total sum of $5,410.75. On January 8, 1945, a motion to set aside the default judgment and grant a new trial was filed by defendant, which motion was, on January 28, 1945, overruled by the trial court. Southwestern Specialty Company, Inc., has prosecuted this appeal.

Evidence was heard on the motion to set aside the default judgment, which attempted to show that the citation was not properly served upon defendant, and, secondly, that defendant was not negligent in not filing its answer on or before Dec. 1, 1944. The deputy sheriff who served the citation was called as a witness upon the hearing and testified positively to a proper service of the citation and, the trial court having overruled the motion we must presume, in the absence of specific findings of fact, that the trial court found that there was proper service of the citation upon defendant. However, the evidence would justify a finding that the failure of the defendant to file an answer before rendition of default judgment was not intentional, nor the result of a conscious indifference on its part, but was the result of accident or mistake.

■■ One of the most recent cases upon the question here presented is that of Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126. Judge Hickman, speaking for the Court in that case, after discussing the authorities, lays down the rule as follows: "Naturally appellate courts will differ on the delicate question of whether trial courts have abused their discretion. While trial courts have some measure of discretion in the matter as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle. Trial judges desire and are entitled to have a principle or rule to guide them, and we, therefore, reannounce, in slightly changed language the rule established by the above authorities, as follows: A default judgment should be set aside and a new trial ordered in any case in which the, failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

■ It will be noted, the rule requires that it be shown that the granting of such a motion will occasion no delay, nor otherwise work an injury to the plaintiff. The record before us does not show this. Charles J. Lieck, Esq., attorney for plaintiff, took the witness stand and testified that he had lost contact with two witnesses who were present at the scene of the accident and did not know of their whereabouts, and, further, that plaintiff would be put to the expense of some $150 in securing expert testimony if a new trial should be granted. Appellant did not cross-examine him about these matters, did not ask the names of the witnesses, or what their testimony would be. Neither was there any offer on the part of appellant to bear any of the additional expense to which appellees would be put. The evidence further shows that appellant's attorneys refused to agree to an immediate trial in the event the default judgment was set aside, stating that they would require a reasonable time to prepare for trial, although the evidence shows that negotiations had been carried on for a settlement, indicating that at least appellant's insurance carrier was familiar with the facts surrounding the accident.

In view of these facts we cannot say that the trial court abused its discretion in overruling appellant's motion to set aside the default judgment.

Affirmed.