## WOODS v. GAMBOA.

### No. 14166.

Court of Civil Appeals of Texas.
Dallas.

April 14, 1950.

Rehearing Denied May 12, 1950.

Carter, Gallagher & Barker, Dallas, for appellant.

D. A. Frank, Lawrence H. Rhea, and Mack L. Vickrey, Dallas, for appellee.

YOUNG, Justice.

Appellant's trial petition was in nature of bill of review to set aside a former judgment and for final relief on merits of the bill. The earlier suit against appellant was by Romulo Gamboa, Jr., for alleged conversion of a 1941 Buick automobile.

In the original proceedings, herein sought to be reviewed (filed February 11, 1947), defendant Woods had been duly served with citation but failed to answer on or before return day, and Gamboa secured a default judgment. The present bill was filed after plaintiff's judgment for $2,150 had become final; his petition (first amended original) of date October 2, 1947 alleged a discovery of the adverse judgment on August 20; complainant Woods testifying with reference to his failure to answer the initial suit as follows:

That in February 1947 he was engaged in the used car business at 2100 Ross Avenue and occupied a small building about 12x18 feet, with employees consisting of office girl, three salesmen, and manager. At the same time he was enlarging a structure (known as the Kaiser-Frazer building) of 50x100 feet—across the street—to 35000 square feet; it being necessary for him to go back and forth between these locations while the latter place was in process of remodeling; that he was the Kaiser-Frazer distributor over a large section of Texas with 44 counties under his jurisdiction, and, along with above business conditions, he was constructing a building in Fort Worth, signing up dealers over the territory, which required traveling out of Dallas about one-third of the time. He further stated that above office force was sufficient until he took on the Kaiser-Frazer connection; personnel in February consisting of some ten employees in both lines of business, with insufficient facilities for more; that an auxiliary phone had been put in at 2200 Ross and if such line was busy, it was necessary to go across the street to answer the other phone; that he was not served with citation in the original cause, but that Mr. Huckaby, office manager, came over and handed him a citation. He started to look at the paper but, being busy on a deal, was called away, to the best of his recollection laying the citation down on an adjacent desk; that his attention was not again called to the matter until some months later when notified that judgment had been taken against him; then getting in touch with his attorney and Mr. Huckaby, who had left his employment; later finding the citation in drawer of desk where some one had placed it, probably a salesman. Sheriff's return on the process indicated personal service "at 2:50 o'clock P. M., on the 19th day of February, 1947, by delivering to the within named Ray Woods, d/b/a Ray Woods Auto Company, defendant, * * *."

Facts underlying appellee's original suit and resulting in the default judgment complained of are these: In early part of 1946, Gamboa, of Monterrey, Mexico, had been buying secondhand motor busses, trucks, and cars in the Dallas area for removal and resale in Mexico. On a previous trip he became acquainted with W. S. Allen who drove a truck back for him as far as Laredo. In May 19, he returned to Dallas and engaged the services of Allen to assist in buying other trucks and cars, also for their removal. The car in question ('41 Buick) was purchased by Gamboa from Webb and Dan Auto Company (Elwyn D. Glass, former owner) for $2,150, seller delivering possession together with certificate of title, assignment form on back thereof signed and notarized by Glass, but line for name of purchaser left blank; the latter instrument being either handed to Allen or placed in glove box of car. The group

(three in all) then started back to Laredo, Allen driving a truck, and in San Antonio securing consent of Gamboa to drive the Buick. Instead of continuing south, Allen, unknown to Gamboa, returned to Dallas with car, first obtaining a loan on it and later selling to appellant Woods. These transactions were accomplished by Allen's inserting his own name in above-mentioned assignment form as vendee and signing the further form on back of title certificate styled "Reassignment by Dealer." Gamboa returned to Dallas about middle of June and, with aid of City Officers, located the car at appellant's place of business. Woods immediately received notice of Gamboa's claim; sending the car to California, however, and selling it about June 25 for $2,450.

A resume of all testimony clearly indicates that Gamboa never authorized Allen to fill in any of the blanks of above-mentioned certificate of title and never knew that he had done so, except as above set forth. Nor did he ever authorize Allen to dispose of the car; the sale to Woods being without his knowledge and consent, and constituting a conversion of property.

No objections were made to the court's charge and jury findings on issues submitted were (1) that Ray Woods did not intentionally fail to answer in his own behalf; (2) that such failure was not due to mistake; (3) or accident; (4) that Woods had no notice of Gamboa's interest in the car prior to time of purchase by him; but (5) that he did have such notice before June 25, 1946. Appellant's motions on verdict and notwithstanding the verdict were overruled and the prior judgment was in all things ratified and confirmed in amount of $2,150 (value of automobile) with legal interest from June 13, 1946.

Points of appeal complain in substance of the trial court's error (1) in overruling motion for instructed verdict and rendition of adverse judgment because "the evidence shows, as a matter of law, that the petitioner did not intentionally fail to file an answer in the original cause of action and that he had a meritorious defense thereto"; (2) jury finding that petitioner Woods did not intentionally fail to file an answer is in direct conflict with the further findings that his failure was not due to mistake or accident, and, such findings being inconsistent and mutually destructive, a mistrial should have been declared; (3) jury findings that failure of petitioner to answer was not due to accident or mistake were not ultimate facts and should have been disregarded.

Lack of diligence on part of appellant may be fairly inferred, we think, from the jury finding that failure to answer was unintentional. If not, then such ultimate fact was frankly admitted by him on cross-examination. He said: "You are ready to admit the failure to answer down here was your own negligence and not that of your employees? A. Partially, yes sir. Q. Partially yours and partially theirs, that is correct, is it? A. Yes."

One seeking to set aside a default judgment must not only show that he has a meritorious defense to the suit in which judgment has been rendered, but also and primarily, that there was no lack of diligence in permitting the default; in other words, that the failure to answer and defend was not the result of his own negligence. 25 Tex.Jur., sec. 194, pp. 598, 599; Garcia v. Ramos, Tex.Civ.App., 208 S.W. 2d 111, writ ref. Appellant cites Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, in support of his first point above stated, which case has no application to the circumstances at hand, in that there the petition to set aside default (properly a motion for a new trial) was filed at the same term of court and before the judgment in question had become final. In Craddock's appeal, supra, and like situations (motions made during term to set aside a default not final) relief is granted upon a considerably relaxed rule, i. e., a showing of meritorious defense and that failure to file answer was through mistake or accident; not intentional or the result of a conscious indifference. But the rule just stated has no application to a proceeding seeking to set aside a judgment final by means of the well familiar bill of review. We quote from Dorsey v. Cutbirth, Tex. Civ.App., 178 S.W.2d 749, 750, for distinc-

1024

tion between the rule followed in Craddock v. Sunshine Bus Lines and that unquestionably applicable to the case at bar. Says the court: "But, after the term at which a judgment has been taken has passed, and the judgment has become final, the terms on which a judgment will be set aside are not so easy as in the situation just mentioned. The reason for such harder terms being: 'The judgment then becomes a vested right which can only be divested by a direct proceeding filed for that purpose, and, when such proceeding is resorted to, the person presenting the bill must bring himself * * * within the rules of law providing for relief in such cases.' * * * 'Where the action is to set aside a judgment rendered at a term of court which has expired when the bill is filed, it is necessary that the petition or bill plead facts sufficient to establish two things: (a) That the petitioner had a good defense to the action in the first instance; and (b) that he was prevented from making such defense by fraud, accident, or the wrongful act of the opposing party, unmixed with any fault or negligence of his own. The facts adduced on the trial of the bill must be sufficient in law to substantiate the allegations thereof.' * * * Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962, a page 966."

■ Nor were the findings complained of conflicting in fact. The following testimony of Mr. Woods demonstrates that no accident or mistake was involved concerning service of citation. He said: "Q. Did you have an opportunity to read it and study it? A. Mr. Huckaby called me over, I was out at the new car place, and he called me over there and showed me the citation. They were busy on a deal in the office, and I went in to a salesman's desk, and I was called away. I started to look at this thing, and I was called back across the street again.

Q. "All right. A. To my best recollection I left this laying on the desk at that time.

"Q. Did you ever see that again? A. I did not until I was called and told they had a judgment on me, * * *."

Undoubtedly from above narrative there was no mistake or accident on part of Woods in his handling of the citation and the jury properly so found. Alongside these findings and consistent therewith was his own testimony to effect that failure to answer was due to his own acts and omissions, resulting in negligence, though unintentional.

These conclusions render unnecessary a decision on the question of whether appellant has also alleged a meritorious defense to appellee's initial suit for conversion. All points of error are overruled and judgment of the trial court is hereby affirmed.