## PATTON v. SAMUEL.

No. 15455.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 6, 1953.

Rehearing Denied Dec. 4, 1953.

Rogers & Eggers, Wichita Falls, for appellant.

Martin & Martin, Wichita Falls, for appellee.

MASSEY, Chief Justice.

This is an appeal from order of the trial court holding that the amended motion for new trial by a defendant was overruled by operation of law, at the same time refusing to either sustain or overrule the motion by any affirmative action. The suit was one for labor and materials, wherein the defendant had not filed an answer and wherein the plaintiff had taken a default judgment.

Judgment affirmed.

Cornell Samuel was in the floor refinishing or floor covering business in Wichita Falls, Texas, in 1951, during which year he had performed some work for J. F. Patton. Samuel furnished the materials

incident to the work. The total of the charges for such work and materials made by Samuel is not shown, but payment therefor had been made, except for the sum of $326.65, prior to the time suit was brought by Samuel against Patton. Suit was brought by petition in complaint filed December 17, 1952. Service of process was had upon the said defendant and thereafter, on the Thursday next following the Monday first accruing after the expiration of twenty days from date of service of the citation upon the defendant, the plaintiff took a default judgment. No answer had been filed at such time by the defendant. The defendant did file a motion to set aside the judgment so entered and to grant him a new trial nine days thereafter. An amended motion "in lieu of and as a complete substitute" for the originally filed motion was filed nineteen days after the original motion was filed. The original motion was never presented to the court. There is a dispute as to whether the amended motion was presented to the court.

Twenty-eight days after the amended motion was filed a purported order was signed by the trial judge, which order reads as follows: "On this 11th day of March 1953, there was presented the Amended Motion for New Trial by the Defendant herein, and the time fixed for its hearing is at 10 o'clock a. m., Saturday, March 21, 1953." On date of March 26, 1953, there was a hearing or proceeding held before the trial judge and in open court. No hearing of any kind had taken place between the date the judgment was entered and the date of March 26. By its order entered on March 26, 1953, the court held that the purported order entered on March 11, 1953, was erroneous and was of no legal force and effect and was a nullity, and that the amended motion for new trial had not been presented to the court as stated in such order of March 11. By the statement of facts it is disclosed that the trial judge testified for the record during the proceedings of March 26 to the effect that the amended motion for new trial had not been exhibited or presented to him on March 11, and that he did not know what he was signing when he signed the order bearing that date, nor did he know what he had signed after he had signed it. It is noted that the order entered on March 26 "adjudged and decreed" that "defendant's Amended Motion for a New Trial filed in this cause was overruled by operation of law on March 14th, 1953."

The defendant excepted and perfected his appeal to this court, whereby he seeks of us a decision and holding awarding him a new trial.

■ Chief Justice Hickman, when a member of the Commission of Appeals, reannounced in slightly altered language the previously established rules relative to the tests to be applied to motions to vacate default judgments and to grant new trials where the default judgment was taken by one party litigant upon the failure on the part of the other to timely file an answer to a complaint, as follows: " * * * A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. * * *" Craddock v. Sunshine Bus Lines, 1939, 134 Tex. 388, 133 S.W.2d 124, 126. See also 6 Tex.Jur. Supp., Judgments, sec. 162.

■ By reference to the Court of Civil Appeals decision from which a writ of error was taken, resulting in affirmance of its judgment, and in the aforesaid restatement of the rule, it is noted that the Chief Justice of such court pointed out that while the determination of whether the failure to answer was truly due to mistake or accident, and as to whether the motion sets up a meritorious defense is "within the discretion of the court", means no more than that the trial court is vested with jurisdiction to determine such in accordance with applicable principles of equi-

ty, and that his decision in the matter will not be disturbed except when he acts arbitrarily. Sunshine Bus Lines v. Craddock, Tex.Civ.App., Fort Worth 1937, 112 S.W. 2d 248, 252.

In the case before us the circumstance is other than it would be in a case where the trial court expressly overruled the motion for new trial filed by the defendant in the trial court solely because the trial court appears to have held that the motion for new trial was not presented in time, but was overruled by operation of law. Though the rule reannounced by Chief Justice Hickman was not one where such a circumstance was even contemplated, there may or may not be any need for our consideration of any extension of the rule so reannounced, dependent upon whether the motion itself raises the issue on mistake or accident as opposed to intentional delay or delay due to indifference, and dependent upon whether the motion itself sets up a meritorious defense to the cause of action upon which the judgment was rendered, and further dependent upon whether the motion for new trial was filed at a time when the granting thereof would not have occasioned a delay or otherwise work an injustice to the plaintiff. It appears to us that failure of the appellant in any one of these tests would defeat his appeal, without necessity to consider any question regarding the effect of delay in presentment of the motion once it was filed, and without necessity to consider whether appellant was prejudiced by the court's failure to affirmatively overrule the motion instead of holding that the same was overruled by operation of law.

█ The sworn amended motion for new trial in question avers facts and circumstances which meet the tests upon accident and mistake as opposed to intentional delay or delay due to indifference. However, as to defense the appellant might have to the cause of action sued upon, it is noted that the motion sets out the fact only that the appellant "having a valid defense thereto,

sought out and employed * * * an attorney to represent him in the matter telling such attorney that he did not owe the amount sued for and desired to present his side of the case to the court." The quoted language from the motion for new trial seems to be the extent of any attempted or actual showing relative to a defense, either by way of written or oral proof, except for this further statement in the body of the motion: "The attorney believes the Defendant has a defense to the cause of action asserted against him."

The suit was one for labor performed and materials furnished pursuant to the performance thereof during the year 1951. The suit for the value of such labor and materials was not filed until December of 1952. Allegations in the complaint filed included those reciting that the plaintiff had "often demanded payment therefor but that defendant still refuses to pay the same or any part thereof". In view thereof, and further in view of the fact that neither by his motion for new trial, nor by exhibit in support thereof, nor by any evidence offered or attempted to be offered did the appellant show either that he had made preparation for a defense against appellee's claim before he brought the suit, or that a factual basis existed constituting a meritorious defense to the suit during the time it pended, we are of the opinion that the trial court would not have been justified in granting a new trial had such been granted upon the motion filed. See 25 Tex.Jur., p. 572, sec. 175, and cases cited thereunder. The trial court certainly could not be held to have abused the discretion with which it was endowed had it affirmatively overruled the motion. In this case, at least, we can see no occasion to differentiate the condition which would have then obtained by reason of the fact that the trial court held the motion for new trial to have been overruled by operation of law rather than by the court's affirmative act.

The judgment of the trial court is affirmed.