Clarence Franklin GRIFFIN, Jr., Appellant,

v.

Clarence Wayne DUTY, Appellee.

No. 12926.

Court of Civil Appeals of Texas.

Galveston.

Jan. 5, 1956.

Reid, Strickland, Gillette & Ramsey, and Wm. B. Ramsey, Baytown, for appellant.

Breaker & Pitman, Robert R. Breaker, La Porte, for appellee.

GANNON, Justice.

By this appeal we are asked to hold that the trial court abused his discretion when he denied a motion for a new trial filed by defendant—appellant here—seeking to vacate a money judgment in favor of plaintiff—appellee here. The judgment was rendered following a jury trial at which defendant was not present in person or by attorney. This absence, it is alleged in substance, was not intentional or the result of what in law amounts to the same thing—conscious indifference. It is also claimed—but not in the motion—that appellant had a meritorious defense and apparently for the first time in this Court that there was no balance of equity in favor of plaintiff on considerations of expense, delay and inconvenience upon which the trial court's judicial discretion could rightly operate so as to support the refusal of the motion.

Appellant relies principally on the landmark case of Craddock v. Sunshine Bus Lines, 1939, 134 Tex. 388, 133 S.W.2d 124, 126. There the Supreme Court, recognizing the want of uniformity, in the cases, abstracted and announced from those it considered authoritative certain—but not necessarily all comprehensive—rules to govern in future cases involving motions to vacate filed before judgment becomes final as distinguished from equitable bills of review; cf., Woods v. Gamboa, Tex.Civ.App., 229 S.W.2d 1021. In the Craddock case the court said: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

It is clear from the Supreme Court's ruling that all that must be shown to support the existence of a meritorious defense is that defendant, if granted a new trial, would be able to produce competent evidence to support fact findings which would establish nonliability. We do not consider Craddock v. Sunshine Bus Lines as suggesting any power in the court in passing upon a motion to vacate, to weigh

such evidence, as was ruled in Farrell v. Truett, Abernathy & Wolford, Tex.Civ. App.1933, 60 S.W.2d 475, or to determine its truth or cogency; provided, of course, the evidence is substantial under the rule announced in such cases as Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338. But we do construe the opinion as presuming power in the trial court to determine on the whole record and after hearing, when the sworn motion and supporting affidavits are controverted, the truth (1) of defendant's claims as to his mental attitude toward the duty of being present at the trial, and (2) the existence of any and all facts bearing on the balance of the equities as between the parties on the questions of hardship and injury. Indeed, it is these last elements alone upon which the trial court's discretion may operate, and it is hardly thought that the trial court and plaintiff are to be bound in what is essentially an equitable proceeding by the ex parte claims of a defaulting defendant in regard to the facts in the light of which the equities as between the parties are to be judged.

In the present case the defendant, in our opinion, clearly failed to show either by his motion or by evidence at the hearing held thereon, even prima facie, that he was entitled to a new trial.

■ This suit was instituted January 8, 1954, to recover a money judgment based on misrepresentations and breach of warranties, express and implied, made to plaintiff by defendant in connection with and inducing the purchase from defendant by plaintiff of a shrimp boat. Defendant, a layman who had had considerable legal and courthouse experience, though not having then employed lawyers to represent him, timely filed an appropriate answer setting out a meritorious defense. The case went on the jury docket and was regularly set for trial but not reached on the following jury assignments of the district courts of Harris County: February-March 1954, April-May 1954, October-November 1954, December-January 1955, February-March 1955. Jury cases are not set for trial in Harris County during the months of August-September. The case was reached for trial April 6, 1955, at its setting on the April-May jury assignment. In Harris County cases are called for announcement on Friday preceding the week for which they are set. At the call on Friday, April 1, 1955, plaintiff was present and announced ready. Defendant was not present or represented, but under local custom was announced ready by the court. The case was actually reached Wednesday, April 6, 1955. None of the facts in regard to the setting, or the case being first reached, are shown either by the transcript or statement of facts, but they are set out in the brief of appellee and are unchallenged and in effect admitted in the oral argument before us. It is also true that the record contains no proof of the rules of practice prevailing in the district courts of Harris County. However, we feel we are entitled to take judicial notice of the rules of practice obtaining in trial courts over which we have appellate jurisdiction. In Ackermann v. United States, 1950, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207, the Federal Supreme Court took judicial notice of prevailing practice in the Circuit Courts of Appeal. To us this appears better law than the text of 31 C.J.S., Evidence, § 49, p. 616, where it is said, "In the absence of a valid statute to the contrary, courts do not take judicial notice of the rules of practice in other courts of equal or inferior authority * * *." We find it difficult logically to reconcile this text and supporting authorities with the statement and supporting authorities found in 31 C.J. S., Evidence, § 39, substantially to the effect that courts take judicial notice of the rules and regulations of various departments of government including rules and regulations of administrative bodies even though set up by municipalities where they are well known.

The case, being reached on April 6, 1955, the defendant failed to appear and wholly defaulted on the merits. He had been subpoenaed by the plaintiff on April 5, 1955, to appear as a witness on April 6, 1955. As stated, defendant did not then appear, nor was any explanation made to the court at

the time of defendant's failure or inability to be present, and the case went to trial. The result was favorable to plaintiff, and judgment followed in due course. Nineteen days later, on April 25, 1955, defendant, then having employed counsel, filed his motion for a new trial. Omitting the introduction and prayer, we quote the motion in full:

"That on March 21, 1955, the Defendant underwent an emergency hemorrhoid operation, was confined to the hospital from March 21, 1955, to March 31, 1955, and was confined to his bed at home from March 31, 1955, to April 13, 1955; that on April 5, 1955, defendant was operated on a second time and was confined to his bed at home when he was summoned at about 4:30 P.M. on said April 5, 1955, to appear in Court at 8:00 A.M. on April 6, 1955; that because of his said illness and confinement to bed, Defendant was absent at the trial of said cause on April 6, 1955, and that because of said absence this defendant was deprived of the right to present his defense to the Plaintiff's alleged cause of action.

"2

"That defendant, because of his said illness and confinement to bed, was unable to move for a continuance of said cause when the same was called for trial."

The brevity of the narrative statement of facts parallels that of the motion. Omitting the formal parts, we also quote it in full:

"My name is Clarence Franklin Griffin, Jr. I reside at 1904 Woodlawn Street, Baytown, Harris County, Texas. I am defendant in Cause No. 430606 styled Clarence Wayne Duty v. Clarence Franklin Griffin, Jr. in the District Court of Harris County, Texas. I am employed by Humble Oil & Refining Company in Baytown as a machinist. As a boy I worked at odd intervals in a law office of my grandfather who was at that time County Judge of Tyler County, Texas, and I thought that this small amount of experience would be sufficient to enable me to represent myself in this case. I did not hire a lawyer but wrote the answer which I filed in this case myself.

"Sometime in February or March of 1955 I received in the mail a copy of a request by Mr. Robert R. Breaker asking the Clerk to set down this case for trial for the week of April first, 1955. I did not know exactly what date this case would be called for trial but expected the Clerk of the Court to notify me when it was called.

"I was served with a subpoena at about 4:30 P.M. on April 5, 1955, to appear before the 127th District Court in Harris County, at 8:00 o'clock A.M. on April 6, 1955, as a witness in the trial of this case. This subpoena was served upon me by M. M. Brown, a Deputy Sheriff of Harris County, Texas, and with whom I am personally acquainted. At the time I was served with this subpoena I was in bed at my home recovering from hemorrhoid operations performed upon me by Dr. O. W. Friske of Baytown on March 21, 1955, and on the morning of April 5, 1955. I told Sheriff Brown I was unable to go to Court and asked him to so advise the Judge. I believed that this would be done but have since been advised that it was not done.

"If I had been present at the time this case was tried, I would have defended this suit on the grounds that the boat 'Margie' was sold to Duty on an 'as is' basis and I made no warranties to Duty as to her condition and further that the boat 'Margie' was never offered back to me before it was sold by Duty to someone else. I would have had testimony and evidence at the trial to support my defense.

"After learning that the trial of this case was had in my absence and that judgment was rendered against me, I employed the law firm of Reid, Strickland, Gillette & Ramsey of Baytown, Texas, to represent me in seeking a new trial of this case."

■ It is to be noted that the motion does not purport to address itself to the matter of meritorious defense or to that of possible hardship, expense, delay and inconvenience to plaintiff, which might follow

from a new trial. And this though it has often been held indispensable that such a motion set out *facts* constituting a meritorious defense. City of Fort Worth v. Gause, 1937, 129 Tex. 25, 101 S.W.2d 221. The stringency of the rule is such that conclusions and generalities on the requirements of meritorious defense are ineffective. See 25 Tex.Jur., Title "Judgments," Sec. 175, page 573, where it is said, "The specific facts, as distinguished from conclusions, relied upon as a defense must be stated in the motion, and their existence must be sworn to if they are within the personal knowledge of the defendant * * *."

■ At the trial defendant's proof in full on the question of meritorious defense was as follows: "If I had been present at the time this case was tried, I would have defended this suit on the grounds that the boat 'Margie' was sold to Duty on an 'as is' basis and I made no warranties to Duty as to her condition and further that the boat 'Margie' was never offered back to me before it was sold by Duty to someone else. I would have had testimony and evidence at the trial to support my defense." Though not suggested in the briefs, we have considered whether the letting in of this testimony unobjected to might be said under Rule 67, Texas Rules of Civil Procedure, to constitute such a presentation of a meritorious defense as would supply the otherwise fatal defect in the motion. We do not think so. The testimony does not constitute evidence of specific facts. It is at most a mere statement of "grounds" of defense and of defendant's conclusion and opinion that testimony and evidence would be available to support such "grounds" of defense.

■ In our view defendant's failure to set up a meritorious defense in his motion is conclusive against his appeal, but it must be denied for the additional reason that he wholly failed to demonstrate—did not even attempt to demonstrate—that a new trial with consequent delay and additional expense to plaintiff would not work an inequitable injury to his adversary—an injury which defendant did not seek to mitigate by diligence in filing his motion and getting it up for hearing, nor by tendering to plaintiff his expenses incurred in connection with the first trial.

■ Defendant waited until April 25, 1955, a full nineteen days, to file his motion although in possession of facts which put him on notice of the trial on April 6, 1955. This delay is wholly unexplained or excused as is defendant's failure to get his motion up for a hearing prior to May 24, 1955. Defendant's apparent procrastination must have been significant to the trial judge who knew that May 20th was the last day it was permissible under the rules of the District Courts of Harris County to request cases to be set on the June-July assignment of jury cases and who knew also, because jury cases are not set for trial during August-September, that a new trial if granted could be had at the earliest in October, 1955, a time almost six months after April 6, 1955. Then, too, the plaintiff was a resident of Wichita Falls, Texas, which we judicially know to be a distance of several hundred miles from Harris County, and a new trial might very well have necessitated considerable additional expense to plaintiff for travel, etc. Defendant did not offer to stand any part of this or other possible expenses to plaintiff and his witnesses to flow from a new trial. Nor does he explain his lack in this respect.

■ This Court does not favor ex parte proceedings but we are not in as good position to judge of their injustice in particular cases as are trial judges, especially where as here an applicant for a new trial apparently chooses to ignore all possible countervailing equities to which his adversary may be properly entitled. The discretion on which we rule is not our own, and we are without power to override that of the trial court short of a showing of abuse. On the present record appellant is hardly in position properly to raise this question. We compare Craddock v. Sunshine Bus Lines, supra [134 Tex. 388, 133 S.W.2d 125], where the motion was filed on the day following the judgment and where "Facts were alleged which, if true, [would] constitute a meritorious defense to the cause

of action", which allegations were supported by evidence at a hearing held at a time when had a new trial been granted plaintiff could have obtained a trial as soon as he would have had defendant timely filed answer and where defendant's attorney offered to pay the plaintiff all expenses incurred in obtaining the default judgment and where "In short, it was shown, at least prima facie, that, had the default judgment been set aside and the case tried in its regular order, the plaintiff would have been in no worse position than he would have been had an answer been filed prior to the rendition of the default judgment." Cf., Patton v. Samuel, Tex.Civ.App.1953, 262 S.W. 2d 439, and Southwestern Specialty Co., Inc. v. Brown, Tex.Civ.App., 188 S.W.2d 1002, differently decided on dissimilar facts.

We are forced to conclude the trial court determined that a new trial would operate to the injury of plaintiff by reason of delay and additional expense. And that he exercised a judicial, as distinguished from a purely personal or arbitrary, discretion in overruling defendant's motion for a new trial. This result finds support in the light of defendant's tardy filing of his motion and as well in the light of his deferring to present it for almost thirty days after it was filed. It is evident that substantial delay to plaintiff in obtaining a trial would have resulted had defendant's motion been granted. Additionally, defendant's omission when seeking equity to offer to do equity by expressing a willingness to indemnify plaintiff against the double expense of two trials affords additional basis for the trial court's ruling. The allowance or denial of a new trial in cases such as the present is to be determined in part at least on "principles of equity" and in the exercise of a "sound discretion." Craddock v. Sunshine Bus Lines, supra. On the record before us we find no abuse of discretion.

In his brief appellant says there is no affirmative showing by appellee that a new trial would unreasonably delay him or otherwise visit hardship upon him. The answer is, the burden was on defendant to negative injury to plaintiff. Though in his brief defendant says he did so, we find no foundation either in the motion or in the evidence for this claim of defendant.

Affirmed.