TEXAS GENERAL INDEMNITY COMPANY, Appellant,

v.

Joyce J. McKAY, Appellee.

No. 6149.

Court of Civil Appeals of Texas, Waco.

Feb. 21, 1980.

Rehearing Denied March 27, 1980.

---

Michael Phillips, Nancy W. Myers, Boswell, O'Toole, Davis & Pickering, Houston, for appellant.

Tom L. Ragland, Clark, Gorin, McDonald, Ragland & Mangrum, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Indemnity Company from refusal of the trial court to grant it a new trial, after rendering a default judgment against it for total permanent disability in a workers' compensation case.

Plaintiff McKay sued defendant to set aside an award of the Industrial Accident Board. Defendant filed an answer, but did not appear on the date the case was set for trial. Plaintiff proceeded to trial at the conclusion of which the court on June 21, 1979, set aside the award of the Board and rendered judgment for plaintiff for $38,-380.18 (total and permanent disability after crediting $2,537.48 paid plaintiff, plus $7,201.95 medical expenses).

On July 2, 1979, defendant filed "Motion for New Trial"; on July 5, 1979, filed "Original Motion for New Trial"; and on July 18, 1979, filed "First Original Amended Motion for New Trial." We have heretofore considered the motions filed on July 2 and July 5 to be one motion and have overruled plaintiff's motion to dismiss this appeal for want of jurisdiction.

Hearing was had on defendant's "First Original Amended Motion for New Trial" on August 21, 1979, and such motion was thereafter overruled by operation of law on September 3, 1979.

Appellant appeals contending: "The trial court erred in overruling appellant's motion for new trial to set aside a default judgment when appellant showed that its failure to appear for trial was not intentional or the result of conscious indifference but was because appellant was not given notice of the trial setting and appellant's motion 'set up' a meritorious defense."

The rule applicable to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer *and those entered on failure to appear for trial* is set forth in *Ivy v. Carrell*, Tex., 407 S.W.2d 212 and is:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." And "set up a meritorious defense" means: "The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense."

■ Thus, defendant to be entitled to a new trial from a default judgment must: 1) *plead* and 2) *prove by affidavit or other evidence* :

1) The failure to appear was not intentional or the result of conscious indifference, but was due to mistake or accident; *and*

2) The motion for new trial must set up a meritorious defense; i. e., allege facts which in law constitute a defense to plaintiff's case, and must be supported by affidavits or other evidence proving a prima facie case that defendant has a meritorious defense; *and*

3) The motion for new trial must be filed at a time when the granting thereof will occasion no delay or otherwise work injury to the plaintiff.

Defendant's First Original Amended Motion for New Trial alleged "The trial court erred in entering judgment against [defendant] because the attorney for defendant did not receive a trial setting in this case and did not have informal notice of a trial setting." * * *

Defendant's First Original Amended Motion for New Trial was not sworn to; defendant presented no affidavit to the trial court substantiating the facts alleged in the motion; and there was no evidence presented to the trial court on the hearing of the motion in support of defendant's contention that it did not receive notice of the setting.

Defendant's First Original Amended Motion for New Trial further alleged: "Defendant has a good and meritorious defense to plaintiff's cause of action. Dr. R. W. Covington, M. D., an orthopedic surgeon practicing in Waco, Texas has filed with the Industrial Accident Board, a narrative medical report that based upon an examination of the plaintiff made on June 5, 1978, he could find no objective orthopedic evidence of an injury. The defendant has previously paid plaintiff workers' compensation benefits for 37 weeks * * * for a total of $2,537.50. Based on Dr. Covington's report, the defendant suspended payments of workers' compensation benefits and filed its A2 with the Industrial Accident Board, a copy of which is attached as Exhibit A and incorporated herein for all purposes. A copy of Dr. Covington's narrative report is attached as Exhibit B and is incorporated herein for all purposes. The court erred in entering judgment for plaintiff because a fact issue exists as to extent and duration of incapacity, if any."

Exhibit A merely advises the Board that as of June 16, 1978 it was suspending payment of benefits to plaintiff; and Exhibit B is a copy of a report of examination of plaintiff by Dr. Covington in which he recites that he examined her on June 5, 1978; recites the history plaintiff gave him of her injury and of her complaints and treatment since her injury; recites the examination that he gave her; and concludes "In essence, from an orthopedic view, I can find nothing that I can specifically put my finger on and am left simply with her complaint of pain with no evidence to significantly document it."

■ Assuming without deciding that the motion alleged a meritorious defense to plaintiff's case, the motion was unsworn, the trial court was provided with no affidavit or other evidence substantiating such asserted meritorious defense. Dr. Covington's letter was not offered in evidence; it is a part of an unsworn pleading and was

not certified by anyone as a true copy. Moreover, the letter reflects the examination of plaintiff was made on June 5, 1978 and trial date was June 21, 1979. A medical report, even if properly verified by a licensed physician, does not state facts constituting a meritorious defense to a suit for workers' compensation benefits and medical expenses tried over a year after the examination which is basis of that report. The inquiry at the trial of a workers' compensation case is the extent of incapacity of the injured employee at *that time*. It is the purpose of the Compensation Act to afford compensation for incapacity as it then exists at time of trial. *Houston Fire and Casualty Ins. Co. v. Dieter*, Tex., 409 S.W.2d 838, 841; *Robinson v. Charter Oak Fire Ins. Co.*, Tex.Civ.App., 551 S.W.2d 794, 799. And defendant made no suggestion of any defense to plaintiff's claim for $7,201.95 medical expenses.

Defendant has not proved a meritorious defense. *Smith v. Hine Pontiac Company*, Tex.Civ.App., 328 S.W.2d 919; *Cate v. Beene*, Tex.Civ.App., 440 S.W.2d 389.

Finally, there is no allegation in defendant's motion that it is filed at a time when the granting thereof will occasion no delay or otherwise work injury to plaintiff; nor did defendant in its motion express willingness to pay expenses and costs of the hearing of motion for new trial if granted a new trial. And there is no affidavit or evidence on the hearing of the motion for new trial in regard to the above.

As a part of its burden of proof to obtain relief from a default judgment by a motion for new trial, defendant must show that his motion "is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." When a defendant fails to allege and offer evidence to such effect to refuse to grant a new trial is not an abuse of discretion. *United Beef Producers, Inc. v. Lookingbill*, Tex., 532 S.W.2d 958; *Glittenberg v. Hughes*, Tex.Civ.App., 524 S.W.2d 954; *Griffin v. Duty*, Tex.Civ.App., 286 S.W.2d 229; *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126; *Mitchell v.*

*Webb*, Tex.Civ.App., 591 S.W.2d 547; *Crabbe v. Hord*, Tex.Civ.App., 536 S.W.2d 409.

 Defendant has not met its burden on any of the three requisites, supra. The trial court did not abuse its discretion or err in not granting defendant a new trial.

All points and contentions are overruled. AFFIRMED.