UNITED BEEF PRODUCERS,
INC., Appellant,

v.

Fred LOOKINGBILL, Appellee.

No. 8557.

Court of Civil Appeals of Texas,
Amarillo.

Sept. 22, 1975.

Rehearing Denied Oct. 20, 1975.

Witherspoon, Aikin, Langley, Woods, Kendrick & Gulley, Kenneth Nolan Tarlton, Hereford, for appellant.

Richard T. Collard, Friona, for appellee.

ELLIS, Chief Justice.

In this appeal, the defendant-appellant challenges the judgment of the trial court overruling its motion for a new trial in an action in which a default judgment had been entered against the defendant for failure to file an answer in response to the plaintiff's original petition. Affirmed.

Fred Lookingbill, plaintiff-appellee, brought suit against United Beef Producers, Inc., defendant-appellant, seeking recovery of compensation which he claimed the defendant owed him in connection with his previous employment by the defendant in its beef feeding operation. Lookingbill alleged that the defendant had agreed to pay him a salary of $1,000 per month and additionally would keep 200 head of cattle on feed for him under an arrangement whereby United Beef would co-sign a note for the purchase of the cattle, with United Beef absorbing all losses and Lookingbill receiving all net profits. Only 100 head of such cattle had been fed when Lookingbill voluntarily terminated his employment after approximately six months. The 100 head of cattle fed out for the plaintiff during his employment netted him the sum of $7,188.96. In his petition, plaintiff asserts that the defendant violated its contract by not arranging to feed out 200 head of cattle during the period of his employment, and by his suit he claims that he is entitled to an additional sum of $7,188.96 as compensation for his employment by reason of the defendant's failure to arrange for the feeding of 200 head instead of 100 head of cattle, plus attorney's fees, interest and costs of suit.

The plaintiff's petition was filed in the District Court of Deaf Smith County, Texas, on August 5, 1974. Citation was served on United Beef through Larry McLeod, a vice president of the corporation, at his home on September 5, 1974. On October 7, 1974, no answer having been filed in response to plaintiff's petition, the trial court entered default judgment against United Beef for the full amount of plaintiff's claim for additional compensation, plus attorney's fees, interest and costs.

On October 17, 1974, plaintiff's counsel contacted McLeod concerning payment of the default judgment. McLeod immediately contacted an attorney, and a sworn motion for new trial was timely filed on the same day. By its motion United Beef alleged that the failure to file an answer was not intentional or the result of indifference, but was caused by accident or mistake. The motion set out that the failure to answer the petition resulted from the fact that a prior lawsuit involving the plaintiff, defendant and Hedgecoke Motor Company had been filed and a settlement agreed upon; that the defendant erroneously assumed that the papers served in this case related to the settlement of the prior suit and that no further action concerning the instant case was necessary.

Additionally, the sworn motion for new trial alleged defensively and testimony was presented at the hearing on the motion to the effect that the contract with Lookingbill was for one year; that the agreement was that the defendant would guarantee notes for the purpose of feeding 200 head of cattle a year for him; that he voluntarily terminated his employment after approximately six months, during which employment 100 head of cattle were fed; and that by reason of plaintiff's action in terminating his employment, the defendant was not further obligated to fulfill the remaining terms of the employment contract. Also, it was alleged that no harm will be done to

plaintiff by the granting of the motion for new trial.

During the hearing on the amended motion for new trial, Larry McLeod testified that at the time citation was served upon him at his home on September 5, 1974, he was running late for a business meeting and was in the process of taking a shower when the deputy sheriff interrupted him to serve the citation. McLeod took the paper, laid it aside without reading it and went to his business meeting. At a meeting the next morning with the president of the corporation, Mr. Huttenbower, and the treasurer, Stanley Chesley, who is an Ohio attorney and general counsel for United Beef, McLeod told them he had been "served with citation on the Lookingbill case." McLeod had not read the papers and did not bring them to the meeting. Chesley, assuming the citation dealt with a prior suit pending in Potter County between United Beef, Lookingbill and Hedgecoke Motor Company and on which the parties were about to agree to a settlement, told McLeod "not to worry" since "it's already taken care of." Also, McLeod testified that he signed a check payable to Hedgecoke in connection with the settlement. The citation and attached petition were not read by any representative of the defendant company until after they were informed that default judgment had been entered.

After hearing, the trial court entered judgment overruling the motion for new trial. Through three points of error, which basically assert that the trial court abused its discretion in denying the motion for new trial, the appellant seeks reversal and remand to the trial court for a new trial.

■ To be entitled to a new trial, United Beef was required to show that its failure to answer before judgment was due to a mistake or accident rather than being intentional or the result of conscious indifference, provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof would occasion no delay or otherwise work a hardship on Lookingbill. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939). Further, the motion must contain factual allegations which in law would constitute a meritorious defense and must be supported by evidence proving prima facie that the defendant has such meritorious defense. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966). Such a motion is addressed to the trial court's sound discretion and the action of the trial court in overruling a motion for new trial will be upheld unless there is a showing of abuse of discretion. *Brothers Department Store, Inc. v. Berenzweig,* 333 S.W.2d 445 (Tex.Civ.App.—San Antonio 1960, no writ); *Hubbard v. Fidelity & Casualty Co. of New York,* 285 S.W.2d 890 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.); *Young v. Snowcon, Inc.,* 463 S.W.2d 225 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ).

■ After hearing the evidence, the trial court denied a new trial without filing findings of fact; thus, the precise factual basis upon which the court determined that United failed to establish its right to a new trial is not before us. However, the rule of *Craddock* presumes the power of the trial court to determine from the record the true facts bearing on the defendant's mental attitude in failing to file an answer and the equitable question of delay and hardship. *Griffin v. Duty,* 286 S.W.2d 229 (Tex.Civ.App.—Galveston 1956, no writ).

■ In the light of the foregoing authorities and from a review of the entire record and all of the circumstances, it is our opinion that there is sufficient evidentiary justification and support for the trial court to find that the defendant treated the service of citation with conscious indifference, and that we cannot say that such finding should be regarded as an abuse of judicial discretion.

Even assuming that the evidence would prima facie support the appellant's contention that its conduct in connection with its failure to read the citation prior to the taking of the default judgment and the consequent failure to file an answer to

plaintiff's petition was a result of accident or mistake emanating from the coincidence of the two suits involving Lookingbill, rather than intentional conduct or conscious indifference on the appellant's part, and that the appellant alleged facts prima facie setting up a meritorious defense, it is also required, under the rule of Craddock, that the appellant establish that the motion for new trial "is filed at a time when the granting thereof will occasion no delay or otherwise work any injury [on] the plaintiff." Thus, the burden was on United to show that the granting of the motion would not entail a consequent delay and work a hardship on Lookingbill. *Griffin v. Duty,* supra.

United made the allegation that "no harm will be done to Plaintiff by the granting of this motion for new trial." The record contains no evidence to support the allegation.

In the plaintiff's sworn answer to the defendant's amended motion for new trial, the following contention regarding the creation of hardship in the instant case is set forth:

"Plaintiff is a resident of Wiley, Colorado, and will be forced to journey from there in the event a new trial is granted herein. Plaintiff has already made one trip from his home in Wiley, Colorado, to Hereford, Texas, in order to try said cause on its merits, which this Court did on October 7, 1974, when judgment was granted herein. It will create an unwarranted hardship on this Plaintiff if this Court should determine to grant a new trial herein to Defendant."

It is noted that in the instant case, United did not offer, as did the defaulting defendant in Craddock, to indemnify Lookingbill for his expenses incurred in the litigation, which, in itself, is sufficient to show a hardship on Lookingbill. We observe, also, that in addition to Craddock, there are various cases in which it was shown that the defaulting defendant had established that the failure to answer was not the result of conscious indifference and that the defendant had set up a meritorious defense where-in the court *specifically noted that no hardship was shown* because the defendant had demonstrated a willingness and offered to pay the expenses and costs of the hearing on the motion in setting aside the default judgment or the expenses in taking the default judgment and agreed to try the case promptly. Illustrative of such cases are:

*Ward v. Nava,* 488 S.W.2d 736 (Tex.1972), in which the defaulting defendant stated in his motion his willingness to pay the expenses and costs of the hearing on the motion in the setting aside of the default judgment;

*Hubbard v. Fidelity & Cas. Co.,* 285 S.W.2d 890 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.), wherein the defaulting defendant offered to pay all court costs incident to entry of default judgment and that he was ready and willing to try the case on its merits at any time convenient to the court;

*Continental Airlines, Inc. v. Carter,* 499 S.W.2d 673 (Tex.Civ.App.—El Paso, 1973, no writ) wherein it was shown that the appellant having offered to reimburse the appellee for all expenses in taking the default judgment and having further agreed to promptly try the case, there would have been no delay or injury to the appellee by the granting of the new trial; and

*Republic Bankers Life Ins. Co. v. Dixon,* 469 S.W.2d 646 (Tex.Civ.App.—Tyler 1971, no writ), where appellant had offered to pay costs and attorney's fees to appellee's counsel if new trial were granted.

In the case of *Griffin v. Duty,* supra, the court pointed out that, in addition to its view that the defendant in that case had not set up a meritorious defense, ". . . defendant's omission when seeking equity to offer to do equity by expressing a willingness to indemnify plaintiff against the double expense of two trials affords additional basis for the trial court's ruling." Also, in Griffin, the court noted that the plaintiff was a resident of Wichita Falls,

314

Texas, and took judicial notice that Wichita Falls was several hundred miles from Harris County, and stated that a new trial might very well have necessitated considerable additional expense for travel, etc. Further, the court observed that the defendant did not offer to stand any part of this or other possible expenses to plaintiff and his witnesses to flow from a new trial, nor explained his lack in this respect.

In view of the foregoing, it is our opinion that if the trial court found that United failed to discharge its burden to negative injury to the plaintiff, the finding is not only supported by the record, but the record compels that finding. Thus, an essential requirement of the rule of Craddock that the motion must be "filed at a time when the granting thereof will occasion no delay or otherwise work an injury [on] the plaintiff" has not been satisfied.

For the reasons above stated we hold that the trial court did not abuse its discretion in overruling the motion for new trial. Because of this holding we do not further discuss the other points presented by the appellant.

The judgment of the trial court is affirmed.