**Elwood L. MUNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12853.**

Court of Civil Appeals of Texas, Austin

Dec. 6, 1978.

Rehearing Denied Feb. 7, 1979.

Elwood L. Munson, James L. McManus, law intern, Austin, for appellant.

Davis Grant, Gen. Counsel, Claude E. Ducloux, Asst. Gen. Counsel, State Bar of Texas, Austin, for appellee.

PER CURIAM.

Appellant seeks to overturn a default judgment of disbarment against him. The court overruled appellant's motion for new trial.

We will affirm the action of the trial court.

This case originated from complaints filed with the Grievance Committee for the State Bar of Texas District 9. After several hearings conducted by the Grievance Committee, it was of the opinion that the appellant herein should be disciplined for certain acts of professional misconduct. The Committee then offered Munson a term of suspension which he, as was his right, refused to accept.

Suspension may not be imposed by a Grievance Committee without the specific written consent of the accused; therefore, the Committee's only alternative was to seek discipline through the filing of a formal complaint in district court. Such a suit was filed in the district court against appel-

lant alleging the acts of misconduct. He was served with citation on December 27, 1977. Appellant failed to file an answer by the appearance date, January 23, 1978, and a default judgment was entered against him on January 26, 1978.

Appellant is before us on three points of error; however, since we overrule his first point concerning his excuse for failure to answer, we do not reach the other points which are directed towards establishing a meritorious defense.

The first point assigns error of the trial court in overruling appellant's motion for new trial because the court did not follow the test set out in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), and in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966).

The test set out in *Craddock* and again in *Ivy* is as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

█ After a review of the testimony in this case, which lasted for the better part of two days, we conclude that appellant did not sustain his burden of showing that his failure to answer before judgment was not intentional, or the result of conscious indifference on his part. Consequently, we do not reach appellant's points asserting a meritorious defense.

The testimony in the record before us was offered, principally, by appellant and Terry L. Belt, an attorney in Austin. Belt, who had represented appellant before the Grievance Committee, gave testimony that was fully developed, clear and unequivocal. He testified that he told appellant, well before the deadline for filing an answer, that Belt would not represent him any further unless a fee of $5,000 was paid. Ap-

pellant then proposed he assign to Belt an oil royalty belonging to some woman in Houston. Belt agreed to this transfer believing that the royalty was for $870 a month, but also insisted upon receiving the royalty prior to filing an answer. As time passed and no royalty was forthcoming, Belt learned from appellant that the royalty was an annual payment and not monthly, so Belt declined to accept this arrangement. Belt then informed appellant that for a payment of $2,000, he would file an answer in the case. According to Belt, appellant stated next that he definitely could not come up with the necessary $2,000. At that point Belt informed appellant he was no longer representing appellant and that appellant should pick up his files from Belt. Appellant denies hearing Belt make this statement. Appellant, an attorney and a certified public accountant, testified that he had never paid Belt anything. However, he was under the impression that Belt would file an answer for him anyway.

The Court in *Craddock* stated that although trial courts have some measure of discretion in a matter such as we have before us, as courts have in all cases governed by equitable principles, it is not an unbridled discretion to decide the cases as they might deem proper, without reference to any guiding rule or principle. The Court then set out the guidelines quoted earlier.

█ Nonetheless, in our judgment, and we so hold, under the facts summarized above, the court did not abuse its discretion in overruling the motion for new trial. Appellant's defense of excuse rests upon disputed facts. The credibility of the witnesses and the weight to be accorded their testimony was to be determined, of course, by the district court. See *Harrell v. Sunylan Co.*, 128 Tex. 460, 97 S.W.2d 686 (1936). By overruling the motion for new trial, the district court necessarily resolved the disputed facts against appellant. The trial judge had both witnesses before him and to overturn his decision on the truth of the circumstances of appellant's mental attitude and reasons for not appearing would

be to substitute our opinion for that of the trial judge who was in a better position to determine this matter. As Justice Reavley noted in a dissent, in a case with different facts,[1] the trial judge is not required to grant a new trial merely upon the advancement of an excuse, no matter how unbelievable. *Ward v. Nava*, 488 S.W.2d 736 (Tex. 1972). See also *United Beef Producers, Inc. v. Lookingbill*, 528 S.W.2d 310 (Tex.Civ. App.1975), *writ ref'd n. r. e. per curiam*, 532 S.W.2d 958 (Tex.1976); *Russell v. Northeast Bank*, 527 S.W.2d 783 (Tex.Civ.App.1975, writ ref'd n. r. e.); *Young v. Snowcon, Inc.*, 463 S.W.2D 225 (Tex.Civ.App.1971, no writ); *Griffin v. Duty*, 286 S.W.2d 229 (Tex.Civ. App.1956, no writ).

The judgment of the trial court is affirmed.

---

1. The defendant in that case denied any knowledge of the pending lawsuit or of receipt of the petition. There was no controverting testimony. *Ward v. Nava*, 488 S.W.2d 736 (Tex.1972).