

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-09-00025-CV

METRO A, LLC, SUN HOLDINGS, LLC, POP RESTAURANTS, LLC, GOLDEN RESTAURANTS, INC., FIREBRAND PROPERTIES, LP, CORRAL GROUP, LP, KANSAS CORRAL, LLC, SUNNY CORRAL MANAGEMENT, LLC, GUILLERMO PERALES, FRYS MANAGEMENT, LLC, TAG CORRAL, LLC, AND INDIE CORRAL, LLC

APPELLANTS

V.

JESSICA POLLEY

APPELLEE

----------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellants Metro A, LLC; Sun Holdings, LLC; Pop Restaurants, LLC;

Golden Restaurants, Inc.; Firebrand Properties, LP; Corral Group, LP; Kansas

---

[1]*See* Tex. R. App. P. 47.4.

Corral, LLC; Sunny Corral Management, LLC; Guillermo Perales; Frys Management, LLC; TAG Corral, LLC; and Indie Corral, LLC (collectively, Appellants) appeal the default judgment against them and in favor of Appellee Jessica Polley.

The notice of this appeal was filed in January 2009. Since that time, several of the appellants filed for bankruptcy protection, and we administratively abated the appeal on two separate occasions pending the bankruptcy court's lifting the automatic stay. In June 2010, the bankruptcy court issued an order lifting the bankruptcy stay with respect to this appeal. In addition, we abated this appeal so that the trial court could enter a written order memorializing Polley's nonsuit of An-Mar Companies, LLC and a severance of Polley's claims against Denar Restaurants, LLC. Because of the bankruptcy filings, there are now two groups of Appellants, the Debtor Appellants[2] and the Non-Debtor Appellants,[3] and each group filed a brief.

Appellants collectively contend in seven issues (and in other arguments not listed in their statement of issues) that the trial court erred by granting the default judgment against them because (1) seven of the Appellants were not

---

[2]The Debtor Appellants are Denar Restaurants, LLC; Golden Restaurants, Inc.; Kansas Corral, LLC; Sunny Corral Management, LLC; TAG Corral, LLC; and Indie Corral, LLC (hereinafter Debtor Appellants).

[3]The Non-Debtor Appellants are Metro A, LLC; Sun Holdings, LLC; Pop Restaurants, LLC; Firebrand Properties, LP; Corral Group, LP; Frys Management, LLC; and Guillermo Perales (hereinafter Non-Debtor Appellants).

properly served with Polley's original petition, (2) two of the Non-Debtor Appellants did not exist in 2004 when Polley suffered her underlying injury, (3) Polley's pleading did not provide fair notice or allege a cause of action recognized by Texas law, (4) Polley offered no evidence at the default judgment hearing of a causal nexus between Debtor Appellants' conduct and her injuries, and (5) Appellants were not provided notice of the default proceeding. Appellants also contend that the trial court erred by overruling their motion for new trial because they submitted evidence sufficient to satisfy each of the *Craddock* factors.[4] We affirm.

## II. Background

In 2004, Polley filed suit against nonparty Metro Restaurants, LLC (Metro Restaurants); Burger King Corporation; BK Magic Holdings, LLC; Derric Keith Jones; and Fernando Legaria alleging that she was sexually assaulted while working as an employee of Metro Restaurants. The lawsuit proceeded to a jury trial in May 2007, and the trial court signed a judgment against Metro Restaurants in July 2007 for $869,172.95, including actual damages and prejudgment interest.

---

[4]*See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (setting forth the three factors for setting aside a default judgment and ordering a new trial).

3

In July 2008, Polley filed a new lawsuit against Metro Restaurants and fourteen new defendants,[5] alleging that Metro Restaurants and the other defendants had engaged in fraudulent transfers to prevent her from collecting the July 2007 judgment. Metro Restaurants filed for bankruptcy eight days after Polley filed the July 2008 lawsuit.[6]

In September 2008, Polley filed the instant lawsuit. With the exception of Metro Restaurants, the defendants in this lawsuit are the same defendants that Polley sued in July 2008.[7] Relevant to this appeal, Polley's September 2008 original petition alleged the following:

IV. BACKGROUND INFORMATION

Plaintiff, JESSICA POLLEY, now aged nineteen (19) and a former employee of Metro Restaurants, LLC, was sexually assaulted on multiple occasions at the BURGER KING #13903, located at 101 West Euless Blvd., Euless, Tarrant County, Texas. These sexual assaults occurred on multiple occasions when the Plaintiff was fifteen (15) years of age and while employed by Metro Restaurants, LLC. The perpetrator of these sexual assaults was Derric Jones, employee and supervisor for Metro Restaurants, LLC.

V. CAUSE OF ACTION

---

[5]With the exception of An-Mar Companies, LLC and Denar Restaurants, LLC, the defendants in the July 2008 suit are the Appellants in this appeal.

[6]The July 2008 lawsuit remained pending as of the time the parties filed their briefs in this appeal.

[7]The citation to An-Mar Companies, LLC was returned unexecuted, and Polley nonsuited An-Mar Companies, LLC before taking the default judgment against Appellants. Also, the trial court severed Polley's claims against Denar Restaurants, LLC in July 2009. Thus, An-Mar Companies, LLC and Denar Restaurants, LLC are not parties to this appeal.

Defendants, METRO A, LLC; DENAR RESTAURANTS, LLC; SUN HOLDINGS, LLC; POP RESTAURANTS, LLC; GOLDEN RESTAURANTS, INC.; FIREBRAND PROPERTIES, LP; CORRAL GROUP, LP; KANSAS CORRAL, LLC; SUNNY CORRAL MANAGEMENT, LLC; FRYS MANAGEMENT, LLC; TAG CORRAL, LLC; INDIE CORRAL, LLC[;] AN-MAR COMPANIES, LLC; and GUILLERMO PERALES, Individually, are jointly and severally liable for the negligence of Metro Restaurants, LLC. Accordingly, Plaintiff seeks such damages from the above-named Defendants.

Polley's original petition did not include any other factual allegations or legal theories.

Polley elected to serve Appellants by certified mail, and the return receipts in the appellate record were signed as received between September 17 and 22, 2008. Based on these service dates, Appellants' answer deadline was October 13, 2008.[8] *See* Tex. R. Civ. P. 99(b). On October 10, 2008, three days before the answer deadline, the legal assistant for Appellants' prior counsel filed a letter with the trial court that included an attached "Notice of Chapter 7 Bankruptcy filing of Metro Restaurants, LLC."

On October 15, 2008, the trial court signed a no-answer default judgment against Appellants for $957,011.63, which is the amount of the July 2007 judgment plus postjudgment interest. Appellants filed a motion for new trial on November 13, 2008, contending that their failure to answer was not intentional or a result of conscious indifference because of a calendaring mistake and because

---

[8]As discussed below, Appellants contend that only six of the defendants were properly served.

5

the lawsuit was subject to the automatic stay that resulted from nonparty Metro Restaurants's bankruptcy filing. The trial court conducted an evidentiary hearing on the motion on December 3, 2008, but took the matter under advisement at the conclusion of the hearing. The trial court did not otherwise rule on the motion for new trial, and it was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). This appeal followed.

### III. Default Judgment

Appellants contend that the trial court erred by granting the default judgment against them because (1) some of the Appellants were not properly served with Polley's petition, (2) Polley's pleading did not provide fair notice or allege a cause of action recognized by Texas law, (3) Polley presented no evidence at the default judgment hearing of a causal link between Debtor Appellants' conduct and her injuries, (4) Appellants were not provided notice of the default proceeding, and (5) two of the Non-Debtor Appellants did not exist at the time of Polley's 2004 sexual assault.

### A. Service of Citation

Non-Debtor Appellants contend in their first issue, and Debtor Appellants contend in an unnumbered issue, that the trial court erred by granting the default judgment against seven of the Appellants[9] because they were not properly

---

[9]The seven Appellants at issue are Metro A, LLC; Kansas Corral, LLC; Sunny Corral Management, LLC; Frys Management, LLC; Tag Corral, LLC; Indie Corral, LLC; and Guillermo Perales.

served with citation. Specifically, Appellants argue that someone other than the registered agent for six Appellants and someone other than Guillermo Perales signed the return receipts that allegedly established service by certified mail. Polley responds that Non-Debtor Appellants judicially admitted that they were served on September 17 and 18, 2008.

To support their argument concerning improper service, Appellants rely heavily on the Texas Supreme Court's opinion in *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). In *Wilson*, the supreme court held that "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him" and that "[a]bsent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act." *Id.* at 836–37. However, Appellants do not mention another part of the *Wilson* opinion that expressly acknowledges that a defendant may waive a complaint concerning defective service by conceding the issue. *See id.* at 837. Although the *Wilson* court held that the defendant in that case had only admitted receipt of the lawsuit rather than service of the lawsuit, it cited two courts of appeals opinions—one of which is from this court—and discussed the distinction between admitting receipt of a lawsuit (and thus having actual knowledge of it) and admitting service of a lawsuit. *See id.* (citing *First Nat'l Bank v. Peterson*, 709 S.W.2d 276, 280 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), and *Hurst v. A.R.A. Mfg. Co.*, 555 S.W.2d 141, 142 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.)).

7

In *Peterson*, the bank made statements in its appellate brief such as "[t]he writ was served on November 15" and "[o]n the day the writ was served," and the bank's president stated in his motion for new trial affidavit, "[O]n November 15, 1984, I was personally delivered a copy of Peterson's Application for Writ of Garnishment after Judgment." 709 S.W.2d at 280. The court held that the bank judicially admitted proper service. *Id.*[10]

In this case, Appellants' motion for new trial began:

> NOW COME Defendants, Metro A, LLC, Denar Restaurants, LLC, Sun Holdings, LLC, Pop Restaurants, LLC, Golden Restaurants, Inc., Firebrand Properties, LP, Corral Group, LP, Kansas Corral, LLC, Sunny Corral Management, LLC, Guillermo Perales, Fries [sic] Restaurant Management, LLC, TAG Corral, LLC, and Indy [sic] Corral, LLC (collectively, "Defendants"), in the interest of justice and fairness, and bring this Motion for New Trial. In support thereof, Defendants show the following:
>
> 1. Plaintiff served Defendants on or about September 17 and 18, 2008.

Appellants' motion for new trial and attached exhibits included no other statements or references to the fact or sufficiency of the service of the citations.

Unlike the scenario in *Wilson*, and very similar to the scenario in *Peterson*, Appellants' motion for new trial made no distinction between mere receipt and service of the lawsuit and did not otherwise challenge the validity of service. *Compare Wilson*, 800 S.W.2d at 837, *with Peterson*, 709 S.W.2d at 280. Had

---

[10]We similarly held in *Hurst* that Hurst judicially admitted proper service, but we stated only that Hurst "admitted in his brief that he was duly served and filed no answer." 555 S.W.2d at 142.

Appellants done so, they would not have judicially admitted proper service.[11] *Cf.*

*Smith v. U.S. Auto. Acceptance 1995-I, Inc.*, No. 05-98-00061-CV, 2000 WL 375249, at *2 (Tex. App.—Dallas Apr. 13, 2000, no pet.) (not designated for publication) (considering context of alleged judicial admission, noting challenge to service in motion for new trial and on appeal, and holding the appellant did not admit being "duly served").  But because Appellants clearly and unequivocally admitted being served on or about September 17 and 18, 2008, we hold that Appellants judicially admitted and have waived their complaint concerning the validity of service.  *See Wilson*, 800 S.W.2d at 837; *Peterson*, 709 S.W.2d at 280; *Hurst*, 555 S.W.2d at 142.  We overrule Non-Debtor Appellants' first issue and Debtor Appellants' unnumbered issue raising this complaint.

## B.  Sufficiency of Polley's Pleading

Debtor Appellants argue in their first issue and Non-Debtor Appellants contend in their second issue that the trial court erred by granting default judgment because Polley's original petition is substantively defective.  Specifically, Appellants argue that Polley's original petition does not allege facts sufficient to provide fair notice of her claims and that the only cause of action purportedly alleged—joint and several liability—is a damages apportionment

---

[11]We recognize that a party may raise an allegation of defective service for the first time on appeal.  *See, e.g.*, *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 725–26 (Tex. App.—Fort Worth 2003, no pet.) (holding appellant could raise defective service for the first time on appeal).  We note Appellants' failure to challenge service in their motion for new trial simply as context for the clear and unequivocal nature of their statement concerning service.

theory rather than an independent cause of action recognized by Texas law.

A default judgment is erroneous if the petition does not give fair notice to the defendant of the claim asserted. *Paramount Pipe & Supply, Inc. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988). Rules of civil procedure 45 and 47 govern pleadings and require them to give fair notice of the claim asserted. *See id.*; *see also* Tex. R. Civ. P. 45, 47. Rule 45 requires "plain and concise language" and further provides, "That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45. Rule 47 requires that an original petition include "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47. The purpose of the fair notice requirement is "to provide the opposing party with sufficient information to enable him to prepare a defense." *Paramount*, 749 S.W.2d at 494. "Pleadings are sufficient if a cause of action or defense may be reasonably inferred from what is specifically stated." *Spiers v. Maples*, 970 S.W.2d 166, 169 (Tex. App.—Fort Worth 1998, no pet.).

In *Baker v. Charles*, 746 S.W.2d 854, 855 (Tex. App.—Corpus Christi 1988, no writ), Baker contended that Charles's petition could not support the judgment because it contained no specific allegation of negligence. As described by the *Baker* court,

> The petition state[d] that, on a specific date and at a specific place, the defendant was operating a motor vehicle and ran into the plaintiff, who was driving his vehicle, causing personal injuries to

10

plaintiff and damage to his vehicle, that plaintiff's behavior was not a contributing cause, but that 'the occurrence in question was proximately caused by the negligence, as that term is understood in law, of the Defendant.'

*Id.* Noting that a "plaintiff does not have to set out specific acts of negligence in his petition for it to support a default judgment," the court held that the petition provided fair notice of Charles's negligence claim. *Id.* at 856.

In this case, Polley's petition alleged that she was sexually assaulted by an employee and supervisor for Metro Restaurants while she was also employed by Metro Restaurants. Her petition further alleged that Appellants "are jointly and severally liable for the negligence of Metro Restaurants" and that she sought damages from Appellants. Although Polley's petition clearly would have been subject to special exceptions, it set forth sufficient information to provide Appellants with fair notice that Polley sought to recover damages from Appellants because they were legally responsible for Metro Restaurants's negligence. In other words, the petition alleges a cause of action for negligence and that Appellants were jointly and severally liable for that negligence. *See id.*; *see also Paramount*, 749 S.W.2d at 494–95 (stating that plaintiff not required to "set out in his pleadings the evidence upon which he relies to establish his asserted cause of action" and holding that pleading provided fair notice to principal by alleging purported agent was "acting for itself and for" principal despite not containing specific allegations against principal). Thus, while joint and several liability is not an independent cause of action, *see K-Bar Servs., Inc. v. English*, No. 03-05-

00076-CV, 2006 WL 903735, at *5 (Tex. App.—Austin Apr. 7, 2006, no pet.) (mem. op.), Polley's petition alleged a cause of action for negligence, and we hold that although Polley's petition would have been subject to special exceptions, it pleaded a recognized cause of action against Appellants and provided them with notice sufficient to prepare a defense.[12] We therefore overrule Debtor Appellants' first issue and Non-Debtor Appellants' second issue.

## C. Sufficiency of Evidence

Debtor Appellants also contend in an unnumbered issue that the trial court erred by granting default judgment against them because Polley presented no evidence of a causal link between their conduct and Polley's injuries.

When a default judgment is taken against the defendant, all allegations of material fact set forth in the petition are deemed admitted except the amount of unliquidated damages, and the default judgment conclusively establishes the defendant's liability. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). In

---

[12]Non-Debtor Appellants also argue that the trial court erred by granting default judgment because joint and several liability for more than one defendant is impossible under civil practice and remedies code chapter 33, and Debtor Appellants similarly argue that Polley cannot obtain a judgment for joint and several liability in this case because she did not obtain a joint and several liability finding in her original lawsuit against Metro Restaurants. But these contentions relate to Appellants' meritorious defenses rather than the propriety of the trial court's grant of default judgment based on the sufficiency of Polley's original petition. *See generally Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (citing *Craddock*, 133 S.W.2d at 126) (stating that defendant's motion for new trial must set up a meritorious defense to be entitled to reversal of default judgment).

order to determine unliquidated damages, the trial court must hear evidence regarding damages.  Tex. R. Civ. P. 243.

A "plaintiff must [present evidence] establish[ing] two causal nexuses in order to be entitled to recovery:  (a) a causal nexus between the defendant's conduct and the event sued upon; and (b) a causal nexus between the event sued upon and the plaintiff's injuries."  *Morgan*, 675 S.W.2d at 731.  "From the rule that a default judgment conclusively establishes the defendant's liability, it follows that a default judgment admits that the defendant's conduct caused the event upon which the plaintiff's suit is based."  *Id.* at 732.

Debtor Appellants contend that Polley offered no evidence at the default hearing that they caused her to suffer any injuries or damages.  Specifically, Debtor Appellants argue that Polley's pleading does not contain any assertion that Appellants "in any way operated or controlled Metro Restaurants"; "had any control or authority over [the perpetrator], much less the ability to prevent his assault of [Polley] at the Burger King"; or "had any control or authority over [Polley], much less the ability to require her to be subjected to [the perpetrator's] assaults."  They further argue that Polley failed to present evidence at the default hearing supporting any common law theory of joint and several liability.  But Debtor Appellants confuse the two types of causal nexuses required by *Morgan*, and they attempt to change the event sued upon from the sexual assault to Polley's alleged inability to collect the 2007 judgment.

13

By failing to answer, Debtor Appellants admitted the factual allegations in Polley's pleading and their liability for the event sued upon, i.e. the sexual assault. *See id.* Polley was therefore not required to present evidence of Debtor Appellants' common law liability. *See id.* Instead, Polley was required to present evidence at the default hearing that the sexual assault caused her damages. *See id.* at 732–33. This distinction is best described by the *Morgan* opinion itself, in which the supreme court explained as follows:

> Morgan alleged in her petition that Compugraphic negligently installed a typesetting machine, or, alternatively, installed a defective typesetting machine, and that as a result of this conduct chemical fumes were released into Morgan's office, causing her a variety of injuries. The event sued upon is thus the release of chemical fumes into Morgan's office. By its default, Compugraphic admitted that its negligence was a proximate cause of the release of chemical fumes into Morgan's office. Compugraphic further admitted by its default that a defect in the typesetting machine was a producing cause of that event. However, Compugraphic's default did not establish that the release of chemical fumes caused Morgan any injuries. At the Rule 243 hearing, Morgan had the burden of presenting competent evidence of a causal nexus between the release of chemical fumes and her alleged injuries.

*Id.* Applying *Morgan* to this case, the event sued upon is Polley's sexual assault, and Debtor Appellants' default admitted that their negligence was a proximate cause of the sexual assault, just as Compugraphic admitted that its negligence proximately caused the release of chemical fumes into Morgan's office. *See id.* Polley was not required to present evidence that Debtor Appellants' negligence proximately caused her sexual assault. *See id.*

14

Debtor Appellants' default did not, however, admit that the sexual assault caused Polley any injuries because "a defaulting defendant does not admit that the event sued upon caused any of plaintiff's alleged injuries," and this rule "is entirely consistent with the rule that a judgment taken by default admits all allegations of fact set out in the petition, except for the amount of damages." *Id.* at 732. Polley was therefore required to prove by competent evidence the amount of her unliquidated damages and that the injury for which damages are sought was proximately caused by the sexual assault. *See id.*; *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67, 72 (Tex. App.—San Antonio 2007, pet. denied).

Debtor Appellants argue that the 2007 judgment is no evidence of the damages claimed in Polley's petition because Polley "offered no testimony or evidence that [Appellants] engaged in any conduct that directly or indirectly resulted in her only claimed injury—her inability to collect the [2007] judgment" and because "the mere existence of the [2007] judgment (which no one dispute[s]) is no evidence of the causal nexus between the event sued upon ('joint and several' liability 'for the negligence of Metro [Restaurants]') and [Polley's] only alleged injury (her inability to collect the [2007] judgment)." But Debtor Appellants again attempt to construe Polley's injury as her inability to collect the 2007 judgment and omit that they admitted their liability for the sexual assault by failing to answer. *See Morgan*, 675 S.W.2d at 732–33; *Thomas v. Martinez*, 217 S.W.3d 680, 684 (Tex. App.—Dallas 2007, pet. struck) ("[A] default

15

judgment admits that the defendant's conduct caused the event upon which the plaintiff's suit is based."). Polley's injury as alleged in her petition is the injury she suffered as a result of the sexual assault, not her alleged inability to collect the 2007 judgment. Indeed, Polley's petition does not mention or allude to the 2007 judgment. Moreover, the 2007 judgment is some evidence of the damages Polley suffered as a result of the sexual assault. We overrule Debtor Appellants' unnumbered issue challenging the sufficiency of the evidence at the default hearing.

## D. Notice of Default Proceeding

Debtor Appellants contend in part of their second issue, and Non-Debtor Appellants argue in their fourth issue, that the trial court erred by granting the default judgment because they were not provided notice of the default judgment proceeding. Polley responds that Appellants failed to preserve this complaint for appeal because they did not present it to the trial court in their motion for new trial.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). This rule applies to a party's contentions concerning the alleged lack of notice of default judgment proceedings and

16

alleged due process violations concerning the alleged lack of notice. *See HBA East, Ltd. v. JEA Boxing Co., Inc.*, 796 S.W.2d 534, 538–39 (Tex. App.—Houston [1st Dist.] 1990, writ denied), *cert. denied*, 501 U.S. 1218 (1991) (holding defendants waived challenge, including due process complaint, to lack of notice of default judgment hearing by failing to urge the issue in a motion for new trial).

Here, Appellants filed a motion for new trial but did not contend in the motion for new trial or at the hearing on the motion for new trial that they did not receive notice of the default judgment proceeding. Thus, Appellants failed to preserve this complaint for appellate review, and we overrule this part of Debtor Appellants' second issue and all of Non-Debtor Appellants' fourth issue.

## E. Appellants Allegedly Not in Existence in 2004

Non-Debtor Appellants contend in their third issue that the trial court erred by granting default judgment against Sun Holdings, LLC and Sunny Corral Management, LLC because neither entity existed in 2004 when Polley's sexual assault occurred. However, Non-Debtor Appellants' entire argument on this issue is contained within two paragraphs that do not set forth any citation to legal authority. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (discussing "long standing rule" that issue may be waived due to inadequate briefing). We overrule Non-Debtor Appellants' third issue as inadequately briefed.

17

## IV. Denial of Motion for New Trial

Debtor Appellants contend in the remainder of their second issue and Non-Debtor Appellants contend in their fifth issue that the trial court abused its discretion by overruling their motion for new trial because they submitted evidence sufficient to satisfy each of the *Craddock* factors.

## A. Applicable Law

A default judgment should be set aside and a new trial granted when the defaulting party establishes that (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Dolgencorp*, 288 S.W.3d at 925; *Craddock*, 133 S.W.2d at 126. We review a trial court's refusal to grant a motion for new trial for abuse of discretion. *Dolgencorp*, 288 S.W.3d at 926; *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987). When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926; *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). When a party's proof in support of a motion for new trial under *Craddock* is not controverted, the trial court may not disregard it. *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 576 (Tex. 2006) (citing *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994)); *see Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984) (stating that it is

18

"sufficient that the movant's motion and affidavits set forth facts which, if true, would negate . . . consciously indifferent conduct").

"Intentional or conscious indifference for purposes of *Craddock* means 'that the defendant knew it was sued but did not care.'" *Hampton-Vaughan Funeral Home v. Briscoe*, 327 S.W.3d 743, 747–48 (Tex. App.—Fort Worth 2010, no pet.) (quoting *Fidelity*, 186 S.W.3d at 576). A defendant's mere negligence does not show conscious indifference. *Id.* at 748; *see Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 169 (Tex. 2008) ("[T]he complete definition of conscious indifference amounts to more than mere negligence."). A defendant must offer some excuse for the failure to appear at trial, which need not necessarily be a good excuse. *See Briscoe*, 327 S.W.3d at 748; *Sharpe v. Kilcoyne*, 962 S.W.2d 697, 701 (Tex. App.—Fort Worth 1998, no pet.) ("Even a slight excuse may justify a new trial."). In other words, a "failure to appear is not intentional or due to conscious indifference . . . merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (holding that failure to appear at trial was not consciously indifferent when party's attorney requested continuance and mistakenly understood continuance would be granted). The party seeking a new trial has the burden to prove the lack of intent

or conscious indifference.  *Liberty Mut. Fire Ins. Co. v. Ybarra*, 751 S.W.2d 615, 617–18 (Tex. App.—El Paso 1988, no writ).

## B.  Discussion

Appellants argue that they presented uncontroverted evidence that they did not file an answer because their prior trial counsel mistakenly believed that the case was subject to an automatic stay based on Metro Restaurants's bankruptcy filing.  Debtor Appellants further argue that their failure to file an answer was the result of a calendaring error because their administrative assistant incorrectly calendared the answer date as October 20, 2008, rather than the actual answer date of October 13, 2008, before sending the citations to outside counsel.

### 1.  Motion for New Trial Testimony

Two witnesses testified at the hearing on Appellants' motion for new trial: Desiree Hall and Richard Dobbyn.  Appellants also offered, and the trial court admitted, excerpts from the deposition of Luis Ibarguengoytia.[13]

Hall testified that she works for Appellant Sun Holdings, that Sun Holdings is an administrative office for the other entities, that her duties include calendaring legal matters and giving them to outside counsel, and that she performs the same duty for all of Appellants.  She testified that when she

---

[13]Ibarguengoytia's deposition testimony related to Appellants' management structure, not Appellants' failure to file an answer, and we therefore do not set it out in the opinion.

20

receives a citation, she reviews it, calendars the answer date, and gives it to outside counsel with her notation of the calendar date for the answer. She further testified that she received the citations around September 18, 2008; that she put an answer date of October 20 on her calendar for all of Appellants; that she sent the petitions to outside counsel; and that she mistakenly calendared an answer date of October 20 rather than the correct answer date of October 13. Hall testified that the calendaring error was her mistake and that it was not intentional or the result of conscious indifference. Hall later clarified that she could not say whether she did in fact provide outside counsel with an answer date of October 20 but testified that it is her practice to inform outside counsel of her calculated answer date.

On cross-examination, Hall testified that she sent the petitions to outside counsel well in advance of October 15 and that she certainly did so before October 13. Hall further testified that she defers to counsel on legal matters such as "making a decision regarding filing of answers," that she did not make a decision about filing answers, and that she could not speak for counsel as to why an answer was not filed before December 3 (the date of the motion for new trial hearing).[14]

---

[14]Hall also signed an affidavit that was attached to Appellants' motion for new trial. Hall's affidavit testimony contained much less detail but was consistent with her testimony at the hearing.

Dobbyn testified that he is also employed by Sun Holdings and that he oversees some of the litigation against the companies for which Sun Holdings provides administrative services, including the instant lawsuit, by communicating with outside counsel. Dobbyn also testified about each of Appellants and the nature of their businesses, and he explained that Appellants are not related to Metro Restaurants. On cross-examination, Dobbyn testified that he learned of the default judgment in this case on October 20. In that regard, the trial court stated at the hearing that it would "take judicial notice of the file that there was no answer filed on the 20th."

## 2. Bankruptcy Stay

As mentioned above, all Appellants contend that their failure to file an answer was not intentional or a result of conscious indifference because their prior counsel believed that Metro Restaurants's bankruptcy stayed this litigation, even though Metro Restaurants is not a party to this case. However, Appellants' prior counsel did not testify at the motion for new trial hearing and did not provide an affidavit in support of the motion for new trial, nor did any of Appellants' witnesses testify that Appellants failed to file an answer due to their or their counsel's belief that Metro Restaurants's bankruptcy stayed the proceedings in this lawsuit. We hold that the trial court did not abuse its discretion to the extent that it determined that this alleged excuse for not filing an answer was not supported by sufficient evidence. We therefore overrule this portion of Debtor Appellants' second issue and all of Non-Debtor Appellants' fifth issue.

22

### 3. Calendaring Error

Debtor Appellants also contend that Hall's calendaring error negates their conscious indifference. In this regard, the trial court asked at the hearing how Appellants were going to show that Hall's calendaring error was the cause of the failure to answer given that Hall testified that she delivered the citation to outside counsel and outside counsel filed the notice of Metro Restaurants's bankruptcy before the actual answer date of October 13. The trial court further stated that it believed Hall's "mistake would have to be a cause of the late filing" and that it was concerned about "piling [an] inference on an inference" by assuming that Appellants' prior counsel failed to file an answer because he relied on Hall's calendaring error. In addition to the trial court's express comments, we note that the trial court took judicial notice of the absence of an answer on October 20, the date that Hall testified she calculated as the answer date; that Appellants' prior counsel did not testify at the hearing; and that Appellants therefore offered no evidence that their prior counsel relied on Hall's calendaring error.

We have held that "unbelievable and internally inconsistent excuses" cannot meet an appellant's burden of proof to show the lack of conscious indifference. *Folsom Invs., Inc. v. Troutz*, 632 S.W.2d 872, 875 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.) (citing *Munson v. State*, 576 S.W.2d 440, 442 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.)). In other words, while the cases cited

23

above state that a trial court may not disregard uncontroverted evidence from a *Craddock* movant, the trial court may certainly compare that evidence to other evidence submitted by the movant. *See id.* In this case, we conclude that it was not arbitrary or unreasonable for the trial court to conclude that Appellants' excuses for not filing an answer were either not supported by sufficient evidence or were internally inconsistent. *See Munson*, 576 S.W.2d at 442 ("[T]he trial judge is not required to grant a new trial merely upon the advancement of an excuse, no matter how unbelievable."); *see also Titan Indem. Co. v. Old S. Ins. Group, Inc.*, 221 S.W.3d 703, 711 (Tex. App.—San Antonio 2006, no pet.) ("[T]he trial court is to determine credibility and . . . we cannot substitute our opinion for the trial court's when there is evidentiary support for the trial court's conclusion."); *Martinez v. Martinez*, 157 S.W.3d 467, 470 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (stating that in a *Craddock* review, the trial court is the "sole judge of the credibility of the witnesses and the weight to be given to their testimony").

Because the trial court could have reasonably determined that Appellants' reasons for not filing an answer were not supported by sufficient evidence or were not credible, we hold that the trial court could also have reasonably found that Appellants' failure to file an answer was intentional or consciously indifferent, rather than negligent or mistaken. *See Briscoe*, 327 S.W.3d at 746–47. Because we hold that the trial court did not abuse its discretion concerning the first *Craddock* element, we need not address the other two *Craddock* elements. *See* Tex. R. App. P. 47.1; *Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 382 (Tex.

24

App.—Fort Worth 2004, pet. denied).  We overrule the remainder of Debtor Appellants' second issue.

## V.  Conclusion

Having overruled each of the Debtor Appellants' and Non-Debtor Appellants' issues, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  September 22, 2011